**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4968

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY LAMARL MCLAURIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-14)

Submitted: August 19, 2005          Decided: September 21, 2005

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Lamarl McLaurin appeals his conviction and 310-month sentence imposed following his guilty plea to distribution of crack cocaine and carrying a firearm during a drug trafficking crime. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (2000); 18 U.S.C.A. § 924(c)(1)(A)(i) (West Supp. 2005).

McLaurin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising as a potential issue the district court's denial of McLaurin's motion for a downward departure. McLaurin filed a pro se supplemental brief, raising additional claims.

The denial of a request for a downward departure is not reviewable on appeal unless the district court mistakenly believed it lacked the authority to depart. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990). The record indicates the district court understood its authority to depart, but that it chose not to depart. Therefore, we find that the claim raised by counsel in the Anders brief is unreviewable on appeal.

Pursuant to McLaurin's pro se supplemental brief and a letter submitted by counsel pursuant to Fed. R. App. P. 28(j), an issue has been raised as to whether McLaurin was sentenced in violation of United States v. Booker, 125 S. Ct. 738 (2005). We have reviewed McLaurin's sentence for plain error in light of

Booker, and find that any error in the district court's designation of McLaurin as a career offender, its imposition of a two-level enhancement for the use of a minor pursuant to U.S. Sentencing Guidelines § 3B1.4 (2003),[*] or its treatment of the guidelines as mandatory did not affect McLaurin's substantial rights. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that the armed career criminal designation based on prior convictions does not violate Booker); United States v. White, 405 F.3d 208, 225 (4th Cir. 2005) (requiring an appellant to demonstrate actual prejudice from the application of the mandatory guideline scheme on plain error review). As required by Anders, we have throughly reviewed the record for any potential sentencing claims and conclude that McLaurin is not entitled to relief under Booker.

With regard to the remaining issues raised in McLaurin's supplemental brief, we find his claims to be without merit. Specifically, his claim of ineffective assistance of counsel is not appropriately raised on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Further, although McLaurin alleges that the Government breached the plea agreement, he points to no evidence in support of this contention. Finally, we find that McLaurin's argument that the indictment was

---

[*]We find that this enhancement did not impact the total offense level because the district court found McLaurin to be a career offender. See United States v. Collins, 412 F.3d 515, 523-24 (4th Cir. 2005).

insufficient is belied by the record and note that McLaurin was never convicted of violating 18 U.S.C. § 922(g)(1) (2000) as this count was dismissed at sentencing.

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm McLaurin's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>